UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DEBORAH ALEX-SAUNDERS,   ) | CASE NO. 5:05 CV 1554 |
|  ) | |
| Plaintiff,   ) | JUDGE JAMES S. GWIN |
|  ) | |
| v.   ) | |
|  ) | MEMORANDUM OF OPINION |
| FIRST MERIT COMMUNITY DEVELOPMENT ) | AND ORDER |
| CORPORATION, et al.,   ) | |
|  ) | |
| Defendants.   ) | |

On June 6, 2005, plaintiff <u>pro se</u> Deborah Alex-Saunders filed this <u>in forma pauperis</u> action against First Merit Community Development Corporation, First Merit Banking Institution, Elia O. Woyt, Lydia E. Spragin, Gregg Wagner, Judge Ann Maschari, Judge Cirigliano, the City of Sandusky, Adam Lieb, Melissa Lieb, John Bechele, James Alexander, Brian Dattilo, Earl Mullins, Becky Smith, Michael Will, Ohio Community Development Fund, Norfolk & Southern Railroad, and the Ohio Department of Transportation.  While the complaint is certainly unclear, plaintiff appears to allege that certain real properties in which she had an

interest were foreclosed upon in an Ohio court proceeding. She seeks to assert claims under 42 U.S.C. §§ 1983 and 1985, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1965 and 1964a, and for "defamation and slander." For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Id. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim. See, Lillard v. Shelby County Bd. of Educ., 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief); see also, Leisure v. Hogan, No. 00-4570, 2001 WL 1298984(Aug. 8, 2001)(RICO complaint containing neither direct nor inferential allegations respecting all material elements to sustain recovery permitted district court to dismiss action for lack of subject matter jurisdiction). Accordingly, the request to proceed in forma pauperis is granted and this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that

3

an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


Dated: July 8, 2005                                       *s/    James S. Gwin*
                                                                     JAMES S. GWIN
                                                                     UNITED STATES DISTRICT JUDGE